Alan H. Weinreb, Esq.
MARGOLIN, WEINREB & NIERER, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 921-3838
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BLUE CASTLE (CAYMAN) LTD,

                            Plaintiff,                    VERIFIED COMPLAINT

        -against-

MILLICENT WRIGHT,

                            Defendant(s).
-------------------------------------------------------X

Plaintiff, Blue Castle (Cayman) LTD ("Blue Castle" or "Plaintiff"), by and through its

attorneys, Margolin, Weinreb & Nierer, LLP as and for its Verified Complaint of foreclosure of

the premises and mortgage against Defendant Millicent Wright (the "Defendant"), respectfully

alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.    This is an action brought pursuant to New York Real Property Actions and Proceedings Law,

      Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known

      as 69 Conlon Road, Roosevelt, NY 11575 known on the Nassau County Tax Map as Section:

      55 Block: 285 Lot: 12 in the County of Nassau and State of New York (the "Subject

      Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2.    Blue Castle is a corporation organized under the laws of the Cayman Islands with its

      principal place of business located at 1688 Meridian Avenue, 6th Floor, Miami Beach,

Florida 33139. For the purposes of diversity, Blue Castle is a citizen of the Cayman Islands and the State of Florida.

3.   Millicent Wright, upon information and belief, is a resident and citizen of the State of New York, having an address at 69 Conlon Road, Roosevelt, NY 11575. Millicent Wright is a necessary party defendant to this action by virtue of the fact that he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is the Mortgagor under the Mortgage.

4.   Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

5.   This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

6.   Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

7.   This action is brought to foreclose a mortgage made by Millicent Wright set out as follows: Mortgage dated November 21, 2007, made by Millicent Wright to MERS as nominee for Amnet Mortgage in lieu of true corporate name American Mortgage Network, Inc. to secure the sum of $335,000.00 and interest, recorded in Liber 32944, Page 801 in the Nassau

County Clerk's Office on May 5, 2008. Said lien covers premises known as 69 Conlon Road, Roosevelt, NY 11575. A copy of the Mortgage is annexed as Exhibit "B".

8.  On November 21, 2007, Millicent Wright executed and delivered a Note to Amnet Mortgage in lieu of true corporate name American Mortgage Network, Inc. in the amount of $335,000.00 and interest (the "Note"). The Note was subsequently transferred by the affixation of a proper endorsement to the Note. A copy of the Note with endorsement is annexed as Exhibit "C".

9.  On or about July 1, 2013, Millicent Wright entered into a written Loan Modification Agreement with Plaintiff's predecessor-in-mortgagee's-interest whereby Millicent Wright reaffirmed her obligations under loan documents and in which the new unpaid principal balance was modified to the amount of $385,811.72 (the "Modification Agreement"). The terms of the loan's repayment were also modified. A copy of the Modification Agreement is annexed hereto as Exhibit "D".

10. The Mortgage was assigned by Assignment of Mortgage as follows:

a.  **Assignor:** MERS as nominee for Amnet Mortgage in lieu of true corporate name American Mortgage Network, Inc.
    **Assignee:** JPMorgan Chase Bank, National Association
    **Dated:** September 14, 2012, **Recorded:** October 31, 2012
    Liber: 37897 Page: 358

b.  **Assignor:** JPMorgan Chase Bank, National Association
    **Assignee:** MTGLQ Investors, L.P.
    **Dated:** July 10, 2018, **Recorded:** August 1, 2018
    Liber: 42971 Page: 890

c.  **Assignor:** MTGLQ Investors, L.P.
    **Assignee:** Kondaur Capital, LLC
    **Dated:** July 21, 2021, **Recorded:** October 25, 2021
    Liber: 45977 Page: 634

d.  **Assignor:** GITSIT Solutions, LLC f/k/a Kondaur Capital, LLC
    **Assignee:** Clearlake Ventures IV, LLC

**Dated:** June 5, 2023, **Recorded:** June 28, 2023
Liber: 47191 Page: 789

e. **Assignor:** Clearlake Ventures IV, LLC
**Assignee:** Blue Castle (Cayman) LTD
**Dated:** June 21, 2023, **Recorded:** June 28, 2023
Liber: 47191 Page: 792

Copies of the Assignments of Mortgage are annexed hereto as Exhibit "E", respectively.

11. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

12. Plaintiff is in physical possession and is the owner and holder of said original Note and Mortgage.

13. Millicent Wright has failed to comply with the terms and provisions of the said Mortgage and said instruments secured by the Mortgage, by failing to pay the August 1, 2022, payment and all subsequent payments, and the default continues to date.

14. Plaintiff has complied with the contractual provisions in the loan documents in that Default Notices to cure were issued on September 28, 2023 to Millicent Wright (the "Default Notice") advising of possible acceleration of the loan and that by virtue of their continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The CFPB Reg. F Validation Notice was issued on June 13, 2023, to Millicent Wright (the "Validation Notice"). The 90-day notice provided by RPAPL §1304(1) (the "90 Day Notice") was issued on September 28, 2023, to Millicent Wright. Plaintiff has complied with the registration requirements of RPAPL §1306(1). Copies of the Default Notice and 90 Day Notice with proof of mailing and registration are annexed hereto as Exhibit "F".

15.    Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

16.    Plaintiff is in compliance with Section Nine-X of the New York State Banking Law, if applicable.

17.    As of the date herein, Millicent Wright has failed to respond to the Default Notice and the 90 Day Notice.

18.    Due to the above-described default, Defendant Millicent Wright is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

   a.    The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of October 12, 2023, amounts to $512,702.82:

   b.    Attorney's fees and other costs and disbursements, payable to Blue Castle (Cayman) LTD under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

   c.    Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

19.    Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

   a.    Any state of facts that an inspection of the premises would disclose.

   b.    Any state of facts that an accurate survey of the premises would show.

   c.    Covenants, restrictions, easements and public utility agreements of record, if any.

   d.    Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

e. Any right of tenants or person in possession of the subject premises.

f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

g. Prior lien(s) of record, if any.

20. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

21. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

22. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof, except a prior action which was discontinued.

**WHEREFORE**, the Plaintiff demands judgment that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises  may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note

and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that Defendant Millicent Wright may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the Plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: January 24, 2024
         Syosset, New York

                              Yours, etc.
                              By: /s/ Alan H. Weinreb
                                    Alan H. Weinreb, Esq.
                                    Margolin, Weinreb & Nierer, LLP

## <u>VERIFICATION BY ATTORNEY</u>

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: January 24, 2024
        Syosset, New York


         /s/ Alan H. Weinreb
        **ALAN H. WEINREB**