UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BLUE CASTLE (CAYMAN) LTD,

    *Plaintiff-Counter Defendant,*

    – against –

MILLICENT WRIGHT,

    *Defendant-Counter Claimant.*

---

**MEMORANDUM & ORDER**
24-cv-00518 (NCM) (LGD)

---

**NATASHA C. MERLE**, United States District Judge:

Plaintiff Blue Castle (Cayman) LTD ("Blue Castle"), invoking the Court's diversity jurisdiction, brings a mortgage foreclosure action against defendant Millicent Wright under New York Real Property Actions and Proceedings Law ("RPAPL") Section 1301. *See* Verified Complaint ("Complaint") ¶¶ 1, 5, ECF No. 1. Plaintiff is represented by counsel and defendant is proceeding *pro se*. The action concerns property located at 69 Conlon Road, Roosevelt, NY 11575 (the "Property"). Compl. ¶ 1; Mortgage 1.[1]

Defendant has filed an answer containing affirmative defenses and a counterclaim for attorney's fees under RPAPL § 282. *See* Answer 10, ECF No. 17. Before the Court is plaintiff's motion for summary judgment on the sole count in its complaint, each of defendant's affirmative defenses, and defendant's counterclaim. *See* Mem. of Law in Supp.

---

[1]    Throughout this Order, page numbers for docket filings generally refer to the page numbers assigned in ECF filing headers. However, page numbers for Exhibits A through F to the Complaint, which were filed with the Court as a single combined document, refer to each exhibit's original pagination. *See* Compl. Ex. A ("Description of Property"), ECF No. 1-1; Compl. Ex. B ("Mortgage"), ECF No. 1-1; Compl. Ex. C ("Note"), ECF No. 1-1; Compl. Ex. D ("Loan Modification Agreement"), ECF No. 1-1; Compl. Ex. E ("Assignment Records"), ECF No. 1-1; Compl. Ex. F ("Notices"), ECF No. 1-1.

of Mot. for Summ. J. ("Pl's Motion"), ECF No. 41. Before the Court is also a motion filed by defendant styled as a motion for "cancellation of debt and . . . punitive damages." *See* Notice of Mot. ("Def's Mot."), ECF No. 36. For the reasons that follow, plaintiff's motion is **GRANTED** in part and **DENIED** in part, and defendant's motion is **DENIED.**

## BACKGROUND

Plaintiff is a corporation organized under the laws of the Cayman Islands, with its principal place of business in Florida. Compl. ¶ 2.[2] Defendant is a resident and citizen of the State of New York. Compl. ¶ 3. The amount in controversy in the instant suit exceeds $75,000. Compl. ¶¶ 5, 18a.[3]

On November 21, 2007, defendant executed a note for $335,000 plus interest with American Mortgage Network, Inc. ("Amnet"). Compl. ¶ 8; Note 1. As collateral for the loan, defendant also executed a mortgage with MERS (acting as a nominee for Amnet) on a property located at 69 Conlon Road, Roosevelt, NY 11575. Compl. ¶ 7; Mortgage 2. As is commonplace in mortgage agreements, *see Cantero v. Bank of Am., N.A.*, 602 U.S. 205, 210 (2024), the mortgage required the lender to maintain an escrow account, which defendant was required to pay into every month along with her monthly mortgage payment, and out of which the loan servicer was required to withdraw funds and make payments for taxes and insurance, Mortgage 6–7.

---

[2]    A verified complaint can be considered as evidence for summary judgment purposes. *See Brandon v. Kinter*, 938 F.3d 21, 27 n.5 (2d Cir. 2019); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

[3]    The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) given the diversity of citizenship of the parties and the amount in controversy alleged to exceed $75,000. *See Green Mountain Holdings, (Cayman) Ltd. v. LV 35 Ave. Corp.*, No. 22-cv-01395, 2024 WL 4309215, at *1 n.3 (E.D.N.Y. Sept. 25, 2024).

On September 14, 2012, the mortgage was assigned by MERS (acting for Amnet) to JPMorgan Chase Bank, N.A. ("JPMorgan Chase"), and on October 31, 2012, the assignment was recorded. Compl. ¶ 10a; Assignment Records 1–2. On July 1, 2013, defendant entered into a loan modification agreement with JPMorgan Chase in a new principal amount of $385,811.72 and with modified repayment terms. Compl. ¶ 9; Modification Agreement 2–7. Between 2012 and 2022, the mortgage underwent two further reassignments, each of which was recorded: from JPMorgan Chase to MTGLQ Investors, L.P. on July 10, 2018 and from MTGLQ Investors, L.P. to Kondaur Capital, LLC on July 21, 2021. Compl. ¶¶ 10b–10c; Assignment Records 3–9. Kondaur Capital, LLC subsequently renamed itself GITSIT Solutions, LLC. Assignment Records 11.

Defendant did not pay the mortgage payment that was due on August 1, 2022, and has not made any subsequent payments. Compl. ¶ 13. On March 31, 2023, GITSIT Solutions, LLC—still the holder of the mortgage—filed a foreclosure action against defendant in New York Supreme Court, Nassau County ("the 2023 State Court Action"). *See* Summons & Complaint, *GITSIT Sols. LLC v. Wright*, No. 605368/2023 (Nassau Cnty. Sup. Ct.).[4]

The mortgage subsequently underwent two more reassignments, each of which was recorded: from GITSIT Solutions, LLC to Clearlake Ventures IV, LLC on June 5, 2023 and from Clearlake Ventures IV, LLC to plaintiff on June 21, 2023. Compl. ¶¶ 10d–10e; Assignment Records 10–14.

---

[4]    It is appropriate for the Court to take judicial notice of this and other state court filings. *See Matthews v. Barr*, 927 F.3d 606, 622 n.12 (2d Cir. 2019) ("Courts routinely take judicial notice of documents filed in other courts[] to establish the fact of such litigation and related filings." (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991))).

On July 12, 2023, defendant filed a pro se answer that asserted several procedural and substantive defenses to the foreclosure action. *See* Answer, *GITSIT Sols. LLC v. Wright*, No. 605368/2023.

On September 28, 2023, plaintiff sent defendant a default notice advising that if defendant did not pay, plaintiff may accelerate the loan and declare the outstanding principal balance and all accrued interest immediately due and payable. Notices 1–3. Also on September 28, 2023, plaintiff sent defendant a 90-day notice as provided by RPAPL § 1304. Compl. ¶ 14; Notices 6–8. As of October 12, 2023, the total of the unpaid principal plus all accrued and unpaid interest and late charges totaled $512,702.82. Compl. ¶ 18a.

On November 2, 2023, GITSIT Solutions moved to discontinue the 2023 State Court Action. *See* Notice of Mot. to Discontinue, *GITSIT Sols. LLC v. Wright*, No. 605368/2023.

On January 24, 2024, plaintiff initiated the instant action in the United States District Court for the Eastern District of New York. *See* Compl. The complaint alleges that because of defendant's default, defendant is indebted to plaintiff under the terms of the note and mortgage for, among other things, the unpaid principal amount due under the Note, all accrued and unpaid interest, and attorney's fees. Compl. ¶ 18.

On April 12, 2024, the state court entered an order discontinuing the 2023 State Court Action. *See* Order Discontinuing Action and Canceling Notice of Pendency, *GITSIT Sols. LLC v. Wright*, No. 605368/2023.

On August 6, 2024, defendant filed an answer containing affirmative defenses and a counterclaim for attorney's fees under RPAPL § 282. *See* Answer. Plaintiff subsequently filed a verified reply to the counterclaim for attorney's fees, raising its own affirmative defenses. Verified Reply to Counterclaim, ECF No. 20. On March 7, 2025, plaintiff

4

submitted a letter motion for pre motion conference in advance of moving for summary judgment. *See* Ltr. Mot. for Pre Mot. Conf., ECF No. 32. In response, on April 8, 2025, defendant submitted two filings, a letter and a motion, both seeking to have her debt cancelled. *See* Ltr. from Defendant Docketed April 8, 2025 ("Plaintiff's April 8, 2025 Letter"), ECF No. 34; Def's Mot. The motion also sought $200,000 in punitive damages from plaintiff for financial losses and injuries to defendant's mental health. Def's Mot. 1. Defendant's motion offers several reasons why defendant is entitled to relief, including that "[p]laintiff breached contracts 3 times (loan mod.)," "failed to disclose to Judge in Nassau [County] why they wanted a discontinuance," and "lied and said I agreed," among other reasons. Def's Mot. 2. Defendant also asserts that she was never made aware of plaintiff owning her loan and that plaintiff has offered two conflicting dates of when it took over the loan. Def's Mot. 3. Defendant also reiterated that "[w]hen plaintiff didn't pay insurance or taxes during loan mod[ification] it affected me financially big time." Def's Mot. 3. Defendant asserts that because of plaintiff's failure to pay insurance and taxes, she "los[t] [a] grant from [FEMA] and . . . had to borrow money to stop the tax lien." Def's Mot. 3. Defendant's letter mentions that she paid $14,000 for the loan modification and found a grant that gave $18,600 in mortgage assistance. Pl's Apr. 8, 2025 Ltr. 1. Defendant's motion argues that "plaintiff cannot . . . sell or foreclose on me before paying back [the] $18,409 grant received from HAF." Def's Mot. 3. By "HAF," defendant is presumably referring to the Homeowners Assistance Fund (HAF), a federally-funded program that provided financial assistance with mortgage payments in certain circumstances related to the COVID-19 pandemic. *See Spira v. TransUnion, LLC*, No. 23-cv-04319, 2024 WL 2221662, at *1 & n.3 (S.D.N.Y. May 16, 2024). Defendant attached to her motion several exhibits, including a letter from Kemper, an insurance company,

stating that "Your Homeowners policy terminated on December 3, 2021 with an outstanding balance of $581.36." Def's Mot. 10.

On July 2, 2025, plaintiff moved for summary judgment on the sole count in its complaint, each of defendant's affirmative defenses, and defendant's counterclaim. *See* Pl's Mot. On December 16, 2025, plaintiff filed an opposition. *See* Def's Mem. of Law in Opp'n to Pl's Mot. for Summ. J. ("First Opp'n"), ECF No. 49. On February 27, 2026, defendant filed a second opposition. *See* Mem. of Law in Opp'n to Pl's Notice of Mot. for Summ. J. ("Second Opp'n"), ECF No. 52. Defendant attached to her first opposition a document reflecting that her property was, at some point around 2025, in arrears with respect to certain taxes. First Opp'n 23.

Before the Court are plaintiff's motion for summary judgment and defendant's motion for the cancellation of her debt and punitive damages.

## STANDARD OF REVIEW

"Summary judgment is often an appropriate mechanism for the resolution of mortgage foreclosure actions." *LV 35 Ave.*, 2024 WL 4309215, at *9 (quoting *United States v. Paugh*, 332 F. Supp. 2d 679, 680 (S.D.N.Y. 2004)). A motion for summary judgment will be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13 F.4th 247, 259 (2d Cir. 2021). Facts are in genuine dispute when "the jury could reasonably find for" the non-moving party based on the evidence in the record. *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021). "In deciding whether to award summary judgment, the court must construe the record evidence in the light most favorable to the non-moving party and draw all

6

reasonable inferences in its favor." *Torcivia v. Suffolk County*, 17 F.4th 342, 354 (2d Cir 2021).

The movant "bears the initial burden of showing that there is no genuine dispute as to a material fact." *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018). Where the moving party meets their burden, the non-moving party must provide sufficient evidence establishing a genuine issue of material fact beyond "[t]he mere existence of a scintilla of evidence." *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003). Moreover, "[a] district court may not make credibility determinations, or weigh evidence" on summary judgment. *Reynolds v. Quiros*, 990 F.3d 286, 294 (2d Cir. 2021). A court must deny summary judgment where there are disputed facts "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Davis-Garett v. Urb. Outfitters, Inc.*, 921 F.3d 30, 45 (2d Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).

Courts are required to give special consideration to litigants who are representing themselves in court. A pro se litigant's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)).

7

## DISCUSSION

I.      Plaintiff's Prima *Facie Case* for Foreclosure

A New York mortgage foreclosure action requires the lender to prove: "(1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *E. Sav. Bank, FSB v. Ferro*, No. 13-cv-05882, 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015) (citing *U.S. Bank, N.A. v. Squadron VCD, LLC,* 504 F. App'x 30, 32 (2d Cir. 2012) (summary order)). "Under New York law, summary judgment in a mortgage foreclosure action is appropriate where the Note and the Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." *Id.* (quoting *Builders Bank v. Charm Devs. II, LLC,* No. 09-cv-03935, 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010)). "Where the mortgage holder establishes the basic elements of a cause of action for foreclosure, the mortgage holder is entitled to a presumptive right to collect, which can only be overcome by an affirmative showing from the defendant." *Id.* (quoting *United States v. Freidus,* 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991)).

Plaintiff has established a *prima facie* case by submitting copies of the Note and Mortgage, as well as an affirmation from John Ramer, an Authorized Signatory of plaintiff with knowledge of the facts and circumstances of the case, attesting to defendant's default. *See* Mortgage; Note; Affirmation of John Ramer ("Ramer Aff."), ECF No. 41-2; *see also Ferro,* 2015 WL 778345, at *6 ("[Plaintiff] has established its *prima facie* case by submitting copies of the Note and Mortgage, executed by defendant . . . , and an affidavit from one of its Senior Asset Managers with direct knowledge of the facts and circumstances of the case attesting to [defendant's] default on the payments due."). Because plaintiff has established the necessary *prima facie* elements, "the burden shifts to . . . defendant to demonstrate that there is a triable issue of fact with respect to the merits

8

of the defenses and/or counterclaims." *Ferro,* 2015 WL 778345, at *6 (quoting *Assets Recovery Ctr. Invs. LLC v. Smith,* No. 13-cv-00253, 2014 WL 3525011, at *5 (E.D.N.Y. Mar. 12, 2014), *report and recommendation adopted,* 2014 WL 3528460 (July 15, 2014)). "[O]ne who relies upon an affirmative defense to defeat an otherwise meritorious motion for summary judgment must adduce evidence which, viewed in the light most favorable to and drawing all reasonable inferences in favor of the non-moving party, would permit judgment for the non-moving party on the basis of that defense." *Id.* (quoting *Frankel v. ICD Holdings S.A.,* 930 F. Supp. 54, 65 (S.D.N.Y. 1996)).

II.    Defendant's Asserted Defenses

Defendant's answer raised sixteen affirmative defenses. *See* Answer. However, defendant's oppositions to plaintiff's motion for summary judgment makes no mention of all but four. *See* First Opp'n; Second Opp'n. Because the other twelve defenses were not mentioned in opposition to the motion for summary judgment, the Court deems them to be abandoned. *See Wilmington PT Corp. v. Tiwana*, No. 19-cv-02035, 2023 WL 4673777, at *2 n.5 (E.D.N.Y. June 12, 2023) ("Generally, an argument not addressed in an opposition to a summary judgment motion is considered waived." (quoting *Conklin v. U.S. Immigr. & Customs Enf't*, No. 20-cv-08178, 2023 WL 2537665, at *15 (S.D.N.Y. Mar. 16, 2023))). The remaining affirmative defenses are that: (1) plaintiff lacks standing to sue because it has not demonstrated valid ownership of the mortgage via possession or a chain of assignment, Second Opp'n 1; (2) plaintiff has not offered evidence demonstrating it mailed plaintiff a 90-day notice in compliance with RPAPL § 1304, Second Opp'n 1; (3) plaintiff has not provided evidence proving the amount due, Second Opp'n 1–2; and (4) plaintiff failed to make required insurance and property tax payments from the escrow account, First Opp'n 2–6. In addition, defendant's opposition papers raise two new

arguments: (5) plaintiff failed to provide defendant notice when plaintiff took assignment of the mortgage, First Opp'n 6–7; and (6) defendant has raised factual disputes in her Rule 56.1 Counterstatement, Second Opp'n 2. The Court examines each of the six arguments in turn.

### A.    Lack of Standing

Defendant's first applicable defense is for lack of standing. Specifically, defendant argues that plaintiff "was not the legal owner of the note and/or mortgage, and did not otherwise have the right to enforce the mortgage, at the time it commenced this foreclosure lawsuit and therefore lacks standing." Answer 4.

Under New York foreclosure law, "a plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, [the plaintiff] was either the holder or assignee of the underlying note." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) (quoting *Wells Fargo Bank, N.A. v. Rooney*, 19 N.Y.S.3d 543, 544 (App. Div. 2015)). It is the note that matters, rather than the mortgage, because "the mortgage passes with the debt as an inseparable incident." *Id.* (quoting *U.S. Bank, N.A. v. Collymore*, 890 N.Y.S.2d 578, 580 (App. Div. 2009). While a complete chain of assignment is one way to establish standing, "New York courts have repeatedly held that proof of physical possession—such as the affidavits of [a company]'s corporate representative . . . —is sufficient on its own to prove a plaintiff's standing to foreclose on the mortgage associated with the note." *Id.* at 223 (collecting cases).

In the instant case, plaintiff has attached to the Complaint "a copy of the original Note, together with an affixed [i]ndorsement in blank." Pl's Mot. 19. Under New York law, "[p]hysical possession of a note establishes standing where the plaintiff possesses a note that . . . contains an indorsement in blank." *1077 Madison St., LLC v. Smith*, 670 F. App'x

745 (2d Cir. 2016) (quoting *Wells Fargo Bank, N.A. v. Ostiguy*, 8 N.Y.S.3d 669, 671 (2015)); *see also Boniel v. U.S. Bank N.A.*, No. 12-cv-03809, 2013 WL 458298, at *4 (E.D.N.Y. Feb. 6, 2013) ("[T]he mere possession of a promissory note endorsed in blank (just like a check) provides presumptive ownership of that note by the current holder."). Moreover, plaintiff has submitted an affirmation from a representative who states under penalty of perjury that he "personally examined" records that are "maintained in the course of [plaintiff's] regularly conducted business activities" and affirms that "[p]laintiff received physical possession of the Note with [i]ndorsement prior to the commencement of this action." Ramer Aff. ¶¶ 2–3, 10; *see also* Mot. 19. Accordingly, plaintiff has provided sufficient evidence to demonstrate its standing to foreclose, and defendants' affirmative defense based on lack of standing must be dismissed.[5]

B.  Lack of Proof of Sending 90-Day Notice (RPAPL § 1304)

Defendant's second applicable defense is that "[p]laintiff failed to comply with the requirements of [RPAPL] § 1304." Answer 7. Section 1304 states that "with regard to a home loan, at least ninety days before a lender, an assignee[,] or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee[,] or mortgage loan servicer shall give notice to the borrower in at least fourteen-point type" of certain text specified in the statute. RPAPL § 1304(1). The statute establishes that "[t]he notices required by this section shall be sent . . . to the borrower, by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage. The notices required by

---

[5]  The Court observes that the indorsement on the Note is undated, *see* Note 5, which may make the indorsement insufficient to alone establish possession, *see Deutsche Bank Nat. Tr. Co. v. Monica*, 15 N.Y.S.3d 863, 865 (App. Div. 2015). However, the Ramer Affirmation constitutes independent evidence of plaintiff's possession. *See id.* at 865–66.

this section shall be sent . . . in a separate envelope from any other mailing or notice." RPAPL § 1304(2). Additionally, the statute specifies that "[t]he notices required by this section shall contain a current list of at least five housing counseling agencies serving the county where the property is located." RPAPL § 1304(2). "Compliance with § 1304 can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *CIT Bank N.A. v. Schiffman,* 948 F.3d 529, 533 (2d Cir. 2020) (quoting *Citibank, N.A. v. Conti-Scheurer*, 98 N.Y.S.3d 273, 277 (App. Div. 2019)); *see also* Pl's Mot. 14.

In the present case, plaintiff notes that it "demonstrated compliance with RPAPL § 1304 by submitting [a] detailed Affirmation of Mailing Procedures of John Ramer, who personally mailed the RPAPL § 1304 Notice in accordance with [plaintiff]'s standard office procedures." Pl's Mot. 14 (citing Decl. in Supp. of Pl's Mot. for Summ. J. Ex. C. ("Mailing Affirmation"), ECF No. 41-6). The Mailing Affirmation states that "[o]n or about September 28, 2023, [the affirmant] prepared and mailed a 90-Day Notice in compliance with RPAPL § 1304 to [plaintiff] . . . at her last known address," sending one "via certified mail and the other by first-class mail," and including "the required list of at least five (5) housing counseling agencies serving the borrower's region." Mailing Aff. ¶¶ 7–9. The Mailing Affirmation also attaches copies of the notice and mail labels. *See* Mailing Aff. 6–14. Moreover, plaintiff has offered no evidence beyond bare denials to support the proposition that the RPAPL § 1304 notice was not, in fact, sent to plaintiff as attested to by Ramer. The Court finds that plaintiff's evidence is sufficient to establish compliance with

12

RPAPL § 1304, and accordingly, plaintiff's affirmative defense based on the 90-day notice requirement must be dismissed.

### C.      Lack of Proof of Amount Due

Defendant's third applicable defense is that plaintiff has not provided evidence proving the amount due. Second Opp'n 1–2. The Court finds that this argument is not meritorious. "Existence of a dispute as to the exact amount a defendant owes on a mortgage does not defeat a prima facia case for summary judgment as to foreclosure and sale." *Green Mountain Holdings (Cayman) LTD v. 501 Lafayette Ave LLC*, No. 21-cv-05844, 2025 WL 2494292, at *11 (E.D.N.Y. Aug. 28, 2025) (citing *Wells Fargo Bank, N.A. v. Watts*, No. 16-cv-06919, 2019 WL 8325097, at *5 (E.D.N.Y. Dec. 16, 2019) ("A discrepancy in amount owed does not preclude the issuance of summary judgment directing the sale of the mortgaged property.")). Instead, disputes about the amount owed "are resolved after [p]laintiff has demonstrated entitlement to and been granted summary judgment." *Id.* (citing *Wilmington PT Corp. v. Danialian*, No. 19-cv-01972, 2023 WL 2632499, at *5 (E.D.N.Y. Mar. 24, 2023) ("Pursuant to Section 1321 of RPAPL, the [c]ourt has the authority to compute the amount owed or appoint a referee to do the same.")). Accordingly, this dispute is not a basis on which to deny summary judgment. This defense must be dismissed.

### D.      Plaintiff's Failure to Make Tax and Insurance Payments

Defendant's fourth applicable defense is that plaintiff failed to make required insurance and property tax payments from the escrow account. First Opp'n 2–6. Defendant alleges that as a result of plaintiff's failure to make timely payments, defendant's homeowners insurance lapsed due to nonpayment and the lapse in coverage prevented her from obtaining replacement insurance from other providers.

13

First Opp'n 2–4. Moreover, defendant alleges that plaintiff's failure to make timely payments also resulted in unpaid property taxes, and in an effort to prevent a tax lien on defendant's home, defendant borrowed money and paid the outstanding taxes herself. First Opp'n 4. Defendant argues elsewhere that "[w]hen plaintiff didn't pay insurance or taxes . . . it affected me financially big time." Def's Mot. 3.

Defendant has offered several pieces of documentary evidence to support her contention that plaintiff did not make insurance and tax payments as required. Defendant attached to her motion a letter from Kemper (an insurance company) stating that "Your Homeowners policy terminated on December 3, 2021 with an outstanding balance of $581.36." Def's Mot. 10. Furthermore, defendant attached to her first opposition a document reflecting that her property was, at some point around 2025, in arrears with respect to certain taxes. First Opp'n 23; *see also* Def's Mot. 20. Plaintiff does not direct the Court's attention to any evidence rebutting the proposition, only mentioning in passing in a memorandum of law that plaintiff denies that there were servicing errors regarding the tax and insurance payments. Pl's Mot. 17.

Neither plaintiff nor defendant have offered meaningful legal arguments about whether a mortgage servicer's failure to pay insurance and tax payments from an escrow account, which in turn forced the borrower to incur expenses that may have interfered with her ability to make mortgage payments, constitutes a defense to foreclosure. Accordingly, the Court denies summary judgment without prejudice with respect to this affirmative defense. On or before April 27, 2026, plaintiff may make a renewed motion for summary judgment with respect to this issue and address the evidence offered by defendant as well as legal arguments regarding whether this purported affirmative defense is a valid defense to foreclosure. Defendant may respond on or before May 27, 2026.

###### E.    Lack of Notice that Plaintiff Took Over Mortgage

Defendant's fifth applicable argument is that plaintiff failed to provide defendant notice that it had become the new lender when it took assignment of the mortgage, First Opp'n 6–7. Although plaintiff does not cite a specific statute, the Court assumes that plaintiff is asserting a violation of the Truth in Lending Act, specifically 15 U.S.C. § 1641(g) and 12 C.F.R. § 226.39, which generally require that when a new lender takes title to an existing mortgage loan, the lender must, "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned," provide notice to the borrower of the identity, address, telephone number of the new creditor, the date of transfer, and other specified information. *See* 15 U.S.C. § 1641(g); 12 C.F.R. § 226.39; *Zirogiannis v. Dreambuilder Invs. LLC*, 782 F. Supp. 2d 14, 17 (E.D.N.Y. 2011). At least some violations of the Truth in Lending Act may constitute defenses to New York foreclosure actions. *See, e.g., First Tr. Nat. Ass'n v. Chiang,* 662 N.Y.S.2d 136, 137 (App. Div. 1997) ("[S]ummary judgment is inappropriate as there are issues of fact regarding whether [mortgage lender] violated the disclosure requirements of the Federal Truth in Lending Act."). Defendant has offered no evidence—aside from her own representations in motion opposition papers—that the notice was not sent to her. However, plaintiff has likewise not offered any evidence that the notice *was* sent to her. In consideration of plaintiff's pro se status, the Court denies summary judgment without prejudice with respect to the issue of notice of assignment. On or before April 27, 2026, plaintiff may make a renewed motion for summary judgment with respect to this issue and offer evidence (if it exists) that plaintiff sent the required notice as well as legal arguments regarding whether the absence of a notice of assignment is a valid defense to foreclosure. Defendant may respond on or before May 27, 2026.

F.    Disputes of Material Fact Allegedly Raised in Defendant's Local Rule
      56.1 Counterstatement

Defendant's sixth applicable argument is that defendant "has raised multiple factual disputes in the Rule 56.1 Counter-Statement" and that "[b]ecause issues of fact remain concerning standing, assignments, statutory compliance, and the amount due, summary judgment must be denied." Second Opp'n 2. While defendant's Local Rule 56.1 counterstatement does deny several facts asserted by plaintiff's Local Rule 56.1 statement, defendant's counterstatement does not cite any evidence and includes only bare, conclusory denials. *See* Def's Resp. to Pl's Rule 56.1 Statement, ECF No. 53. This is not sufficient to create a genuine issue of material fact. *Arista Recs. LLC v. Lime Grp. LLC*, No. 06-cv-05936, 2011 WL 1641978, at *4 (S.D.N.Y. Apr. 29, 2011) ("[D]efendants' unsupported denials in its Response to Plaintiffs' Statement of Undisputed Facts cannot, without citation to any evidence in the record, create a genuine issue of fact."). The asserted factual disputes in defendant's Local Rule 56.1 counterstatement are thus not a basis on which to deny summary judgment.

III.    Defendant's Counterclaim

Plaintiff also seeks summary judgment on defendant's counterclaim for attorney's fees under RPAPL § 282. Pl's Mot. 23–24. Section 282 states that if a mortgage agreement permits the lender to recover attorney's fees upon a meritorious foreclosure action, then the borrower shall be permitted to recover attorney's fees if the borrower prevails. *See CIT Bank, N.A. v. Zisman*, No. 17-cv-02126, 2020 WL 8081939, at *7 (E.D.N.Y. Apr. 8, 2020); *see also Deutsche Bank Nat. Tr. Co. v. Holler*, 65 N.Y.S.3d 491 (Sufolk Cnty. Sup. Ct. 2017). There must be a "substantive determination on the merits" for the borrower to have prevailed within the meaning of the statute. *Bank of America, N.A. v. Destino*,

16

29 N.Y.S.3d 56, 57 (App. Div. 2016). Given that two of defendant's potential defenses remain outstanding, it is premature to say which party will prevail in this matter. Accordingly, plaintiff's motion for summary judgment is denied without prejudice with respect to defendant's counterclaim.

IV.    Defendant's Motion to Cancel Debt and for Punitive Damages

Defendant's motion to cancel debt and for punitive damages, *see* Def's Mot., does not articulate a legal basis, such as a statute or a judicial decision, on which the Court could grant either kind of relief. Accordingly, plaintiff's motion is denied.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for summary judgment is **GRANTED** with respect to each of defendant's defenses except the potential defenses that plaintiff: (a) failed to make required insurance and tax payments; and (b) failed to provide notice to defendant when plaintiff took assignment of the mortgage. Plaintiff's motion for summary judgment is **DENIED**, without prejudice, with respect to the two aforementioned potential defenses and with respect to defendant's counterclaim. Defendant's Motion to Set Aside Debt and for Punitive Damages is **DENIED**. On or before April 27, 2026, plaintiff may file a renewed motion for summary judgment on the remaining issues. Defendant may respond on or before May 27, 2026. Plaintiff need not file a motion for a premotion conference in advance of filing a renewed motion for summary judgment.

The Court notes that if defendant is dissatisfied with the Hofstra University Pro Se Legal Assistance Program, defendant is encouraged to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project by email at FedProEDNY@nycbar.org or by

17

leaving a voicemail at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.


> **SO ORDERED.**

> > _/s/ Natasha C. Merle_
> > NATASHA C. MERLE
> > United States District Judge

Dated:        March 26, 2026
              Brooklyn, New York